UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOREN P.,<br><br>             Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | CASE NO. 3:23-CV-5335-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for supplemental security income (SSI). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that the ALJ erred in assessing the medical evidence and accordingly reverses and remands the case pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff filed her application for SSI on July 11, 2016. Administrative Record (AR) 16, 577–83. She alleged disability beginning March 20, 2013. AR 16. After her application was denied initially (AR 321–35) and upon reconsideration (AR 337–50), she filed a written request for a hearing (AR 393–95). The ALJ held a hearing in September 2018 at which Plaintiff was represented (AR 65–95) and issued a written decision finding Plaintiff not disabled in January 2019 (AR 351–70). Plaintiff requested the Appeals Council review the decision (AR 446–48), and the Appeals Council subsequently vacated the ALJ's decision and remanded for a new hearing (AR 371–76). The ALJ held a new hearing on August 25, 2021, in which Plaintiff was represented and testified telephonically. AR 38–64. On November 15, 2021, the ALJ issued a new written decision finding Plaintiff not disabled. AR 13–37. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision final. AR 1–7. On April 17, 2023, Plaintiff filed a complaint appealing the ALJ's decision. Dkt. 5.

## STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff raises two issues on appeal: (1) whether the ALJ erred in assessing statements from Staci Jenkins, L.M.H.C., and Heather Asaadi, L.P.C. and (2) whether the ALJ erred in assessing Plaintiff's subjective testimony. *See generally* Dkt. 15.

**Medical Statements**

Plaintiff argues the ALJ erred in assessing statements from Staci Jenkins, L.M.H.C., and Heather Asaadi, L.P.C. *See* Dkt. 15. Because Plaintiff filed her application before March 27, 2017, the rules in 20 C.F.R. § 416.927 apply to the assessment of medical source statements. Under those regulations, Ms. Jenkins and Ms. Asaadi are classified as "other source[s]" and not "acceptable medical sources" who can provide medical opinions. *See* 20 C.F.R. § 416.902(a), 416.927(a). "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Ms. Jenkins submitted a letter in May 2019 (AR 2574) and completed a form assessing Plaintiff's limitations in September 2019 (AR 2696–2700). She opined Plaintiff was incapable of working full or part time (AR 2574) and, on the form she completed, opined Plaintiff had mostly marked or extreme limitations in her ability to perform the demands of work (*see* AR 2696–2700). Ms. Jenkins opined Plaintiff had limitations in her ability to understand, remember, and apply information because of "anxiety and panic outside the home" (AR 2697), that her periodic triggers caused limitations in interacting with others and concentrating, persisting, and maintaining pace (AR 2697–98), and that her depression made it difficult to engage in self care (AR 2699). She opined Plaintiff would "freeze or run" in a stressful situation and that she was likely to engage in self-harm if she were faced with criticism. AR 2700. She checked a box on the form indicating Plaintiff would miss at least two full workdays a month, but wrote below that "it is unlikely she would be able to interview for work [and] if she were to obtain work it is unlikely she would be able to show up." AR 2700.

Similarly, Ms. Asaadi submitted a statement in August 2018 describing limitations Plaintiff had. AR 1406. She opined Plaintiff had "many trauma triggers" which caused

interpersonal difficulties. *Id.* She opined Plaintiff would be "at risk for further mental health decompensation if exposed to the perceived or routine stress of work" and that Plaintiff would be unable to hold a full-time position due to her mental health. *Id.*

The ALJ gave "little weight" to Ms. Jenkins' opinion and "some weight" to Ms. Asaadi's opinion. AR 24, 25. The ALJ gave several reasons for these determinations.

Both Ms. Jenkins and Ms. Asaadi opined Plaintiff would not be able to sustain full or part time work. *See* AR 1406, 2574. The ALJ found both statements were on issues reserved to the Commissioner under 20 C.F.R. § 404.1527(d)(1). AR 24–25. However, "assessment[s], based on objective medical evidence, of [a claimant's] likelihood of being able to sustain full time employment given the many medical and mental impairments [that a claimant] faces" are not "conclusory statement[s] like those described in 20 C.F.R. § 404.1527(d)(1)." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Here, the statements of Ms. Jenkins and Ms. Asaadi were assessments based on their experiences treating Plaintiff. AR 1406, 1696. Both formed their opinions based on the medical evidence available to them from treating Plaintiff and described the basis for those opinions with reference to Plaintiff's impairments and their experiences treating Plaintiff. *See id.* Thus, the ALJ's determination that these statements were on issues reserved to the Commissioner was in error.

With respect to Ms. Jenkins' opinion, the ALJ noted that "it is not clear how long Ms. Jenkins has treated [Plaintiff]," as Ms. Jenkins reported in her May 2021 letter she had been Plaintiff's provider since August 2020 (AR 2571) but indicated on the form she completed in September 2021 that she had been Plaintiff's provider for two years (AR 2694). Internal inconsistencies in a statement can be considered by an ALJ in determining how much weight a medical statement deserves. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir.

1999). However, the ALJ must "set forth the reasoning behind [her] decision[] in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Here, the ALJ did not explain how Ms. Jenkins' inconsistent description of her treating relationship with Plaintiff cast aspersions upon Ms. Jenkins' opinion. Indeed, the Court cannot discern why Ms. Jenkins' observations of Plaintiff's behavior during group therapy sessions and Ms. Jenkins' recantation of Plaintiff's history of trauma would be undermined if Ms. Jenkins had only treated Plaintiff for one year, rather than two years.

The ALJ, with respect to Ms. Jenkins' opinion, also said that Ms. Jenkins' observation that Plaintiff had to log out of her group therapy meetings early was inconsistent with evidence from those sessions noting Plaintiff being actively involved. AR 25. The Court need not decide whether this is a reasonable interpretation of the record.[1] Assuming that this was a reasonable inference to draw, the ALJ does not explain why it supports rejecting the entirety of Ms. Jenkins' statement. Ms. Jenkins' view of the limitations resulting from Plaintiff's anxiety and susceptibility to triggers was based, in part, on her statement that Plaintiff logged out of group therapy meetings. AR 2574. However, Ms. Jenkins' opinion was not solely based on this observation as she also referenced Plaintiff's history of traumatic experiences, her reports of being unable to leave her home, and other observations of Plaintiff in group therapy sessions. *See* AR 2574. Thus, the inconsistency of therapy meeting participation was not a germane reason for rejecting Ms. Jenkins' opinion.

---

[1] Plaintiff argues the ALJ should have found that Plaintiff's active involvement in her group therapy sessions bolstered her credibility, as well as the credibility of both Ms. Jenkins and Ms. Asaadi. Dkt. 15 at 6, 10. Although an ALJ may discount a claimant's testimony for failing to follow through with treatment, *see Molina*, 674 F.3d at 1113–14, this does not mean that an ALJ errs by rejecting a claimant's testimony where they do participate in their treatment.

The ALJ also discounted Ms. Jenkins' statement because objective medical evidence reflected "generally normal mental status exams." AR 25 (citing AR 1654–55, 1943–44, 2194). The ALJ cited evidence from treatment examinations with mental status finding that were relatively normal—for example, the evidence showed that, at three specific appointments, Plaintiff had a normal mood, normal affect, and a logical thought process. *See* AR 1654–55, 1943–44, 2194. A statement's inconsistency with the medical evidence can be a germane reason to discount it. *See Bayliss*, 427 F.3d at 1218. Here, however, the ALJ failed to explain how the normal mental status exams were inconsistent with Ms. Jenkins' statement. The Court cannot discern, for instance, why any of the results from these mental status examinations are inconsistent with Ms. Jenkins' opinion that Plaintiff's stress and interpersonal difficulties would be prohibitive of full-time work, as the mental status exams had no apparent bearing on Plaintiff's abilities to interact with co-workers or to deal with stressful situations.

With respect to Ms. Asaadi's statement, the ALJ said she gave more weight to the opinions of state agency reviewers who opined Plaintiff could work in environments with no public contact and only superficial contact with others. AR 24. An ALJ may reject the opinion of an "other source" by preferring a contrary opinion. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2017). However, the ALJ's reason for preferring the state agency examiners' opinions was that their opined limitations were "consistent with the generally normal examinations." AR 24. The ALJ failed to explain why the normal mental status examinations he discussed were inconsistent with the statement of Ms. Asaadi—as discussed, normal mental status examinations are not necessarily inconsistent with Ms. Asaadi's opined limitations in Plaintiff's abilities to handle stressful situations and manage interpersonal conflict.

Furthermore, the ALJ's explanation for preferring the state agency reviewers' opinions addressed only the parts of Ms. Asaadi's statement that relate to Plaintiff's social difficulties. It was not a germane reason for rejecting the remainder of Ms. Asaadi's opinion. For instance, the ALJ did not explain why the state agency reviewers' opinions had any bearing on Ms. Asaadi's statements about Plaintiff's sleep disturbances, inabilities to focus, and propensity for self-harm when faced with criticism.

The ALJ also said that Ms. Asaadi's "opinion that the claimant is at risk for further decompensation if exposed to the stress of work is inconsistent with the claimant's ability to participate in . . . group settings, assist her daughter with online school, engage in research about her medical complaints and advocate effectively for herself in medical settings." AR 24. The activities the ALJ described are not necessarily inconsistent with Ms. Asaadi's statement, and the ALJ did not explain his determination that they were. For instance, the Court cannot discern from the decision why Plaintiff's ability to assist her daughter and engage in online research is comparable to the stresses typical of a work setting, particularly given that these activities require Plaintiff to interact with no one but her daughter. Similarly, Plaintiff's participation in group therapy occurred for brief, limited periods of times—such sessions are not comparable to the time period of a normal workday. And group therapy sessions are unlikely to include all the situations Ms. Asaadi opined would result in Plaintiff's limitations, such as receiving criticism from others. This was not a germane reason to reject Ms. Asaadi's opinion.

In sum, the ALJ did not give germane reasons for discounting the statements of Ms. Jenkins and Ms. Asaadi. This error was not harmless. An error is harmless only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir.

2006). Here, the ALJ's erroneous rejection of Ms. Jenkins and Ms. Asaadi's statements was not harmless because if the ALJ had credited some or all of this evidence she could have made a different RFC assessment, resulting in a different outcome. For instance, the VE testified Plaintiff would be unable to perform any work if she had two unexcused absences per month, as Ms. Jenkins opined she would, and the VE could not say whether emotional reactivity—a symptom which both Ms. Jenkins and Ms. Asaadi opined Plaintiff would exhibit in a workplace—would be prohibitive of employment. AR 59, 61.

**Subjective Testimony**

Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective testimony. Dkt. 15 at 11–12. As the Court has found reversible error in the ALJ's evaluation of the medical opinion evidence, the Court declines to consider whether the ALJ erred in considering Plaintiff's testimony. Rather, the Court directs the ALJ to reevaluate Plaintiff's testimony and the medical evidence on remand, and reassess the RFC as warranted by further consideration of the evidence.

**Remedy**

Plaintiff argues this case should be remanded for an immediate award of benefits. Dkt. 15 at 13. The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Such a circumstance arises when (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if they considered the claimant's evidence. *Id.* Here, the Court finds that further proceedings would serve a useful purpose in allowing the ALJ to reassess the medical evidence, including the statements of Ms. Asaadi and Ms. Jenkins, as well as Plaintiff's subjective testimony.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 9th day of February, 2024.

*[signature]*

David W. Christel
Chief United States Magistrate Judge